# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY G. LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-206-SPS |
| | ) |
| COMMISSIONER of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Johnny G. Lawson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was fifty-eight years old at the time of the administrative hearing (Tr. 27). He has an eleventh grade education, and has worked as semi truck driver and cement truck driver (Tr. 27, 36-37). The claimant alleges that he has been unable to work since April 1, 2014, due to two herniated discs in his lower back (Tr. 188).

## Procedural History

On September 18, 2014, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 157-66). His applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 29, 2016 (Tr. 12-18). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c) (Tr. 15). The ALJ then concluded that the claimant was not disabled because he could return to his past

relevant work as a semi truck driver, and because there was also other work he could perform in the national economy, *i. e.*, hand packager and industrial cleaner (Tr. 17-18).

**Review**

The claimant contends that the ALJ erred by failing to properly evaluate his bilateral shoulder impairment and cervical spine impairment. More specifically, he argues that the ALJ did not properly consider the consultative opinion of Jane Detrich, D.O. The Court agrees that the ALJ failed to properly analyze Dr. Detrich's opinion, and the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further proceedings.

The ALJ found that the claimant had the severe impairment of history of back pain, the non-severe impairment of history of alcohol abuse, and that his alleged blurred vision was not medically determinable (Tr. 114-15). The relevant medical evidence reveals the claimant injured his back at work in October 2007 and was subsequently treated with physical therapy, medications, and a steroid injection (Tr. 236-301).

On September 9, 2014, the claimant presented to Epic Medical Center Emergency Department ("EMCER") and reported pain in his chest and the back of his head (Tr. 349). He was diagnosed with chest pain ACS ruled out, family history of heart disease, and GERD (Tr. 351). The following day, the claimant presented to Dr. Wendell Williams, a cardiologist, and reported chest pain with radiation to his shoulder (Tr. 321). Dr. Williams diagnosed the claimant with chest pain musculoskeletal by history and on exam, family history of atherosclerosis, and peripheral vascular disease – asymptomatic femoral artery disease (Tr. 321-23). At a follow up appointment on September 17, 2014, the claimant

reported chest pain increased by deep respirations and neck pain (Tr. 314-15). He was diagnosed with pleuritic pain (Tr. 316).

On December 6, 2014, Dr. Jane Detrich conducted a physical consultative examination of the claimant (Tr. 331-36). She observed that the claimant had difficulty removing and replacing his watch and buttoning his jacket, and walked with a slight left-sided limp, but compensated well (Tr. 332). Dr. Detrich found decreased range of motion in the claimant's neck and shoulders, but her physical examination findings were otherwise normal (Tr. 332-36). She assessed the claimant with a stable gait and normal speed, but was unsure "how long of a distance he could keep this up for," back pain with radiculopathy, and fine motor dysfunction of upper extremities that caused difficulty with dressing (Tr. 332).

On March 10, 2015, the claimant was treated for low back pain at EMCER as well as the Stigler Health and Wellness Center (Tr. 344-47). X-rays taken that day revealed mild spondylosis at L6-S1, facet arthrosis, and atherosclerosis (Tr. 384). Physician Assistant Kevin Twist diagnosed the claimant with a low back strain, and Dr. Tracy Baker diagnosed the claimant with lumbago (Tr. 344-47).

At the administrative hearing, the claimant testified that the main reason he was unable to work is back pain that radiates down his left leg (Tr. 32, 35). He stated the pain has been constant for a year, and that a heating pad and elevating his legs sometimes help relieve the pain (Tr. 33-34). He stated he could sit three or four hours at a time before needing to change positions due to hip and back pain (Tr. 30).

A state reviewing physician determined that the claimant could perform the full range of medium work with no postural limitations, and recited Dr. Detrich's limited range of motion findings without comment (Tr. 48-49). Her findings were affirmed on review (Tr. 71).

In his written opinion, the ALJ summarized the claimant's testimony and medical records. In discussing the opinion evidence, he noted Dr. Detrich found the clamant had "significantly reduced" neck extension and bilateral shoulder movement (Tr. 16). The ALJ then used Dr. Detrich's opinion to discredit the claimant's subjective complaints of back pain, noting that "all [of] his joints with the exception of his shoulders" had full range of motion, but he provided no analysis of Dr. Detrich's findings related to the claimant's neck and shoulders (Tr. 16). The ALJ then gave some weight to the state reviewing physicians' opinion, finding there was no contrary medical documentation challenging their position that the claimant could sit/stand/walk for 6 hours in an eight-hour workday (Tr. 16).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the

physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ recited Dr. Detrich's opinion favorably, but did not provide any real analysis regarding her opinion, and further failed to disclose what weight he afforded her opinion. He also rejected (by failing to discuss) some of the limitations applicable to the claimant, *e. g.*, a limited range of motion of his neck and shoulders, but did not provide any explanation for such rejection. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) *and Hamlin*, 365 F.3d at 1219. *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]. This was a significant omission because all of the jobs the ALJ found the claimant could perform require constant or frequent reaching, and Dr. Detrich's findings call into question the claimant's ability to reach without limitation. "[T]he ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013), *quoting* Soc. Sec. Rul.

96-8p, 1996 WL 374184, at *7 (July 2, 1996). In any event, it was clearly error for the ALJ to reject without explanation parts of the opinion while finding other parts consistent with the RFC. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The Commissioner argues that the record does not support any reaching limitations because the claimant did not allege disability due to a shoulder impairment, was never diagnosed with a shoulder impairment, and no source opined as to any limitations resulting from a shoulder impairment. However, this amounts to an improper post-hoc argument, as the ALJ made no attempt to disregard Dr. Detrich's opinion on this basis. *See Haga*, 482 F.3d at 1207–08 ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].

Because the ALJ failed to properly evaluate Dr. Detrich's opinion, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.

The decision of the Commissioner decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 27th day of August, 2018.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**